IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

MANUEL TZUC-TZEP,

           Petitioner,

v.                                      CIVIL ACTION NO.   2:26-cv-00147

CHRISTOPHER MASON, et al.,

           Respondents.

**ORDER**

Pending before the court is Petitioner Manuel Tzuc-Tzep's Verified Petition for Writ of Habeas Corpus. [ECF No. 1]. For the reasons discussed below, the Petition is **GRANTED**.

**I.    BACKGROUND**

Petitioner is a citizen and national of Guatemala who is present in the United States as a noncitizen. [ECF No. 1, ¶ 23]. He entered the United States in 2017, [ECF No. 10-1, at 4], and currently lives in the Charleston area. [ECF No. 1, ¶ 23]. On January 16, 2026, Petitioner was "arrested with approximately eight other people during ICE's raid on the Rio Grande restaurant in Nitro, West Virginia." *Id.* While he was immediately taken to the ICE facility in Poca, "Petitioner received no papers from ICE at that time." *Id.* He was not charged with any criminal conduct and was "subsequently held on a material witness warrant." *Id.* Though he was ordered released on February 10, 2026, "Petitioner apparently remains detained pursuant to an ICE hold," and "to date, he has received no notice or paperwork regarding the civil immigration violations alleged against him." *Id.* Petitioner is currently confined at South Central Regional Jail ("SCRJ") in Charleston, West Virginia. *Id.* ¶ 8.

On February 24, 2026, Petitioner filed a Petition[1] for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. *Id.* ¶ 1. Petitioner seeks "immediate release from immigration detention." *Id.* ¶ 2. Petitioner's confinement is "civil and administrative in nature" and is "not based on any criminal conviction or charge." *Id.* ¶ 24. To date, Petitioner has not had an administrative judge or neutral decisionmaker determine that his continued detention is justified based on an individual assessment. *Id.* ¶ 25. Petitioner contends that his ongoing confinement violates multiple constitutional, statutory, and regulatory protections, including the Fifth Amendment's Due Process and Equal Protection Clauses, the Immigration and Nationality Act ("INA") and its implementing regulations, the Administrative Procedure Act ("APA"), and the Suspension Clause of the United States Constitution. *Id.* ¶¶ 37–68.

On February 24, 2026, this court stayed the removal of Petitioner from this district and ordered the Government to respond and explain why the Petition should not be granted. [ECF No. 7]. The court further ordered that counsel notify the court "whether the case raises materially distinct factual circumstances or legal arguments from the other cases this court has already considered and whether a hearing is requested or waived." *Id.*

In its response, the Government stated that it had "carefully reviewed the pending petition and determined that the same or substantially similar issues arise in the case at bar." [ECF No. 10-1, at 2]. The Government further confirmed that it would not offer evidence beyond the documents attached to its response, nor would it offer any witnesses. *Id.* at 2–3. Therefore, the Government stated it would rely "upon the legal arguments presented below, together with the exhibits attached

---

[1] The Petition originally contained ten total named Petitioners, but on February 24, 2026, the court severed the Petition into separate and distinct actions for each Petitioner. [ECF No. 7]. The Petition identifies Christopher Mason, Superintendent of South Central Regional Jail, as a respondent, as well as Michael T. Rose, Acting Field Office Director of the Philadelphia Field Office of ICE; Todd M. Lyons, Acting Director of ICE; Kristi Noem, Secretary of Homeland Security; and Pamela Jo Bondi, the United States Attorney General (collectively, the "Government"). [ECF No. 1].

to this response," and the matter could be decided without a hearing. *Id.* at 3.

Petitioner and the Government filed a Joint Stipulation that "the parties hereby rely upon the legal arguments presented in their briefs, together with any exhibits attached to their respective filings, and represent the parties believe that this matter can be decided without a hearing, unless additional evidence is required for the matter to be resolved." [ECF No. 11, at 1]. Accordingly, the court finds that a hearing is not necessary in this case.

## II. LEGAL STANDARD

"[H]abeas corpus is a broad, independent writ designed to address challenges to any illegal custody," *Wall v. Kiser*, 21 F.4th 266, 273 (4th Cir. 2021), including those "by executive direction," *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). The "heart of habeas corpus" is the challenge to a petitioner's confinement (or the duration of his confinement), where he seeks "immediate release or a speedier release from that confinement." *Preiser*, 411 U.S. at 498. The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004). Accordingly, noncitizens may invoke habeas in immigration-related matters where no other statutory mechanism for review is provided. *See Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001). Indeed, challenges to present immigration confinement "fall within the 'core' of the writ of habeas corpus." *Trump v. J. G. G.*, 604 U.S. 670, 672 (2025) (quoting *Nance v. Ward*, 597 U.S. 159, 167 (2022))

28 U.S.C. § 2241 confers federal district courts "within their respective jurisdictions" the authority to hear applications for habeas corpus by any person who claims to be held "in custody in violation of the Constitution or laws or treaties of the United States . . . ." *Id.* §§ 2241(a), (c). After receiving the petition and any response thereto, "[t]he court shall summarily hear and determine the facts, and dispose of the matter as law and justice require." 28 U.S.C. § 2243. The

petitioner bears the burden of proving that he is being held contrary to law by a preponderance of the evidence. *Walker v. Johnston*, 312 U.S. 275, 286 (1941) ("On a hearing, [the § 2241 petitioner has] the burden of sustaining his allegations by a preponderance of evidence."); *Parke v. Raley*, 506 U.S. 20, 31 (1992); *Sumner v. Mata*, 449 U.S. 539, 551 (1981).

### III.   FIFTH AMENDMENT DUE PROCESS RIGHTS

This case is one of 17 immigration habeas petitions assigned to the court recently.[2] On February 27, 2026, the court granted seven of those petitions, and in each instance, put the Government on notice that continued constitutional violations and violations of the court's orders could result in legal consequences.[3] Because the remaining ten cases, including this one, arose so closely in time to the initial seven, the court will address them similarly but will not impose sanctions or other relief at this time.

The court agrees with the Government that this case raises the same or substantially similar issues as previous ones, and their outcomes apply forcefully to this case as well. Further, because the Government presents only legal arguments and does not challenge the factual allegations of the Verified Petition,[4] the court will only address the Government's repeatedly rejected legal arguments.

---

[2] *Dominguez Izaguirre v. Mason*, No. 2:26-cv-00121 (S.D. W. Va. Feb. 19, 2026); *Lezama-Hernandez v. Mason*, No. 2:26-cv-00148 (S.D. W. Va. Feb. 19, 2026); *Cortez Zelaya v. Mason*, No. 2:26-cv-00149 (S.D. W. Va. Feb. 19, 2026); *Escalante Carrillo v. Mason*, No. 2:26-cv-00150 (S.D. W. Va. Feb. 19, 2026); *Sanchez v. Mason*, No. 2:26-cv-00151 (S.D. W. Va. Feb. 19, 2026); *Bautista-Ramos v. Mason*, No. 2:26-cv-00152 (S.D. W. Va. Feb. 19, 2026); *Munoz Martinez v. Mason*, No. 2:26-cv-00153 (S.D. W. Va. Feb. 19, 2026); *Cruz-Choc v. Mason*, No. 2:26-cv-00136 (S.D. W. Va. Feb. 24, 2026); *Gomez-Dominguez v. Mason*, No. 2:26-cv-00139 (S.D. W. Va. Feb. 24, 2026); *Hernandez-Amaro v. Mason*, No. 2:26-cv-00140 (S.D. W. Va. Feb. 24, 2026); *Gaillen-Barrera v. Mason*, No. 2:26-cv-00141 (S.D. W. Va. Feb. 24, 2026); *Mendez-Gunero v. Mason*, No. 2:26-cv-00142 (S.D. W. Va. Feb. 24, 2026); *Navarro-Corona v. Mason*, No. 2:26-cv-00143 (S.D. W. Va. Feb. 24, 2026); *Pena-Garcia v. Mason*, No. 2:26-cv-00144 (S.D. W. Va. Feb. 24, 2026); *Rivera-Rojas v. Mason*, No. 2:26-cv-00145 (S.D. W. Va. Feb. 24, 2026); *Torres-Escobar v. Mason*, No. 2:26-cv-00146 (S.D. W. Va. Feb. 24, 2026); *Tzuc-Tzep v. Mason*, No. 2:26-cv-00147 (S.D. W. Va. Feb. 24, 2026).

[3] *See, e.g.*, *Dominguez Izaguirre v. Mason*, No. 2:26-cv-00121, 2026 WL 561235 (S.D. W. Va. Feb. 27, 2026).

[4] According to Rule 5 of the Rule Governing Section 2254 Cases and Section 2255 Proceedings in the United States District Courts, when required to answer the petition, "[t]he answer must address the allegations in the petition."

For the reasons explained and analyzed in previous cases before this court and this district, I will once again **FIND**: First, the court has jurisdiction. Petitioner does not challenge an immigration proceeding or decision that would bar this court's jurisdiction. Second, Petitioner is not "seeking admission" into the country, and the discretionary detention of 8 U.S.C. § 1226 applies to him. Third, Petitioner's due process rights have been violated. Despite facing no criminal charge, Petitioner sits in the local jail. There is no evidence in the record that Petitioner is a danger to the community or a flight risk. Still, he has been afforded no process. This violates his constitutional due process rights.

Immediate release is the only appropriate remedy. Where detention has been found unlawful and no constitutionally adequate bond hearing has been provided, continued custody cannot stand.

Accordingly, for the reasons set forth here and in the court's previous cases, the Government's Motion to Dismiss, **[ECF No. 10-1]**, is **DENIED**, and the Petition for Writ of Habeas Corpus, **[ECF No. 1]**, is **GRANTED**.

## IV.   CONCLUSION

Therefore, the Government's Motion to Exceed Page Limit, **[ECF No. 10]**, is **GRANTED**, the Government's Motion to Dismiss, **[ECF No. 10-1]**, is **DENIED**, and the Petition for Writ of Habeas Corpus, **[ECF No. 1]**, is **GRANTED**. Respondents are **ORDERED** to **RELEASE PETITIONER IMMEDIATELY.** Respondents are **PROHIBITED** from re-arresting and detaining Petitioner absent significant change in circumstances to justify detention or subject to the determination of a neutral and detached decisionmaker. Respondents are **DIRECTED** to return all seized personal items of the Petitioners.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel, any unrepresented party, and the United States Attorney's Office for the Southern District of West Virginia.

ENTER: March 2, 2026

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE